UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 21-CR-2349 (TWR) |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT TWO OF THE INDICTMENT UNDER 1326(d)** |
| MELCHOR OROZCO-OROZCO, | |
| Defendant. | |

## INTRODUCTION

Pending before the Court is defendant Melchor Orozco-Orozco's motion to dismiss count two of the indictment pursuant to 8 U.S.C. § 1326(d).[1] (ECF No. 23.) Defendant Orozco-Orozco asserts that his conviction for carjacking does not qualify as a categorical theft offense and that the April 16, 2013, Final Administrative Removal Order, which was

---

[1] A defendant seeking to collaterally attack a removal order must show: (1) he exhausted the administrative remedies that were available to seek relief from removal; (2) the removal proceedings improperly deprived him of judicial review; and (3) the entry of the order was fundamentally unfair. *See* 8 U.S.C. § 1326(d). As set forth below, defendant Orozco-Orozco has failed to satisfy the third prong of Section 1326(d). An analysis of the first two prongs is therefore unnecessary. *See United States v. Gonzalez-Villalobos*, 724 F.3d 1125, 1126 (9th Cir. 2013) (to prevail on a § 1326(d) motion, a defendant must satisfy subsections (d)(1), (d)(2) and (d)(3)).

based solely on the carjacking conviction, was improperly entered. In opposition, the government asserts that carjacking is not materially different from robbery and, as such, the Ninth Circuit's opinion in *United States v. Martinez-Hernandez*, 932 F.3d 1198 (9th Cir. 2019) establishes that carjacking is a categorical theft offense.

## ANALYSIS

Defendant Orozco-Orozco correctly notes that the generic definition of a theft offense is the "taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 184 (2007) (citation omitted). Thus, defendant Orozco-Orozco contends, because generic "theft offenses are crimes against *ownership*," California Penal Code § 215 does not qualify as a categorical theft offense because it can be committed against "mere possessors, as distinct from owners, of property." However, defendant Orozco-Orozco forthrightly admits that the Ninth Circuit has "never squarely addressed [his] argument."

In *Martinez-Hernandez*, the Ninth Circuit found robbery, a violation of California Penal Code § 211, to be a categorical theft offense under 8 U.S.C. § 1101(a)(43)(G) and therefore an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii). *Martinez-Hernandez*, 932 F.3d at 1205–07. Robbery, like carjacking, involves the felonious taking of property "in the possession of another." *Id.* at 1205–06. Robbery can thus be committed against "mere possessors, as distinct from owners, of property," the disqualifying aspect of the carjacking statute identified by defendant Orozco-Orozco. Notwithstanding that fact, the Ninth Circuit held that robbery meets "the classic definition of theft." *Id.* at 1207.

The elements of California Penal Code § 211 robbery and California Penal Code § 215 carjacking are indistinguishable for purposes of "categorical" analysis. "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." California Penal Code § 211. Whereas "[c]arjacking is the felonious taking of a motor vehicle in the possession of another, from his or her person or immediate presence, or from

the person or immediate presence of a passenger of the motor vehicle, against his or her will and with the intent to either permanently or temporarily deprive the person in possession of the motor vehicle of his or her possession, accomplished by means of force or fear." California Penal Code § 215(a).  The holding in *Martinez-Hernandez* therefore compels a finding that carjacking is a theft offense under 8 U.S.C. § 1101(a)(43)(G).

## CONCLUSION

The Court finds that: (1) carjacking under California Penal Code § 215(a) is a theft offense under 8 U.S.C. § 1101(a)(43)(G); (2) defendant Orozco-Orozco received a sentence of over a year for his carjacking conviction; and (3) defendant Orozco-Orozco was properly subject to removal under 8 U.S.C. § 1227(a)(2)(A)(iii), as set forth in the April 16, 2013, Final Administrative Removal Order.  Defendant's motion to dismiss count two of the indictment is therefore denied.

**IT IS SO ORDERED.**

DATED: 1/5/2022

HON. TODD W. ROBINSON
United States District Judge