**Benjamin P. Davis**
California Bar No. 275918
**Federal Defenders of San Diego, Inc.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
Benjamin_Davis@fd.org

Attorneys for Melchor Orozco-Orozco

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### (HONORABLE TODD W. ROBINSON)

| | |
|---|---|
| United States of America, ) | Case No: 21cr-2349-TWR |
| Plaintiff, ) | Date:  June 24, 2022 |
| vs. ) | Time:  9:30 a.m. |
| Melchor Orozco-Orozco, ) | **Mr. Orozco-Orozco's Sentencing Memorandum** |
| Defendant. ) | |

**To:** Randy Grossman, United States Attorney; and
Kyle Watkins, Assistant United States Attorney:

The defendant Melchor Orozco-Orozco, by and through his counsel, Benjamin P. Davis and Federal Defenders of San Diego, Inc., hereby files his sentencing memorandum respectfully requesting that the Court impose a sentence of **eighteen months in prison.**

/

# I.

## Procedural Background

Mr. Orozco was arrested on July 28, 2021, in the mountains east of Otay Mesa. He pleaded guilty on March 4, 2022, to a superseding information charging him with one count of being a removed alien found in the United States in violation of 8 U.S.C. § 1326. A Pre-Sentence Report was filed on April 26, 2022.

# II.

## Melchor Orozco-Orozco

Melchor Orozco is a straightforward, easygoing man whose attempts to return to his beloved wife and children have led him once again to federal custody. Seventeen years ago, when he was twenty years old, he committed a dangerous crime that may well have cost him forever his chance to live in the United States with his family. He duly paid for that dangerous crime, and, except for a DUI offense over a decade ago, has not committed any non-status crimes since. His attempts in recent years to return to California have been driven by his desire to have a relationship with his children before it's too late.

**A.    Background.**

Originally from a poor family in Michoacan, Melchor Orozco was first brought to the United States when he was ten years old. He came with his older brother, then a teenager, in search of a better life in California. His brother led them to Santa Ana, California, where they settled and tried to make lives for themselves. He never went to school beyond the third grade, but he has worked his entire life with his hands.

In 2004, he married his wife, Yuridia Anaya, in Santa Ana. They have been together now for eighteen years, and have raised two United States citizen children together. The eldest, Ashley, is about to finish high school and plans to go to college; young Daniel is in elementary school. Mr. Orozco worked for a long time in landscaping in around the upscale communities of Orange County. If he had kept his

nose clean and stayed out of trouble, Mr. Orozco could possibly have followed a path toward the American dreams of residence and citizenship.

Sadly, stupidly, he didn't stay out of trouble. Like a lot of young men who move to the country as children with no parents to guide them, Mr. Orozco was an easy target for the wrong crowd. He got in some minor trouble at age eighteen, and then caught a serious felony when he was twenty. Initially sentenced to probation and a county year, his sentence was revoked in 2011 following a misdemeanor DUI, and he spent time in prison. That revocation sentence led to his only order of removal, in April of 2013.

For the next six years, Mr. Orozco stayed in Mexico.

**B.     Decision to return.**

The last nine years have mostly been good to Mr. Orozco. Rather than return to Michoacan with his parents and brother, he elected to live in Rosarito, B.C.N., where he worked on a small ranch, taking care of animals and doing the landscaping. The proximity to the border let him feel closer to his children and enabled occasional visits, but the pain of separation proved strong. In 2019 and again in 2020 he tried to return to his family, but was caught and prosecuted each time. He received less than two months for his first attempted return, a misdemeanor, and less than three months in his second case, a felony.

**C.     The future.**

Mr. Orozco knows he faces significant prison time for this attempt to return. He also knows that he's of no use to his wife and children while he's serving time in federal prison; they need him out and working in Mexico, where he can try to maintain a relationship through visits. His family is reeling from the recent suicide of his older brother in Michoacan over Christmas, and once he's released, he plans to return there to mourn with them and get his mother and father squared away. He will

have to give up his hope of returning to his wife and children in Orange County, and will have to learn to accept a future of exile and permanent separation from them.

## III.
## The Guidelines

The parties agree that Mr. Orozco's Guidelines are as follows:

| | | |
|---|---|---|
| Base offense level: | 8 | U.S.S.G § 2L1.2(a) |
| Prior immigration felony: | +4 | § 2L1.2(b)(1) |
| Pre-removal felony: | +8 | § 2L1.2(b)(2)(B)[1] |
| Post-removal felony: | 0 | § 2L1.2(b)(2)(C) |
| Acceptance of responsibility: | -3 | § 3E1.1(a) |
| Final adjusted offense level: | 17 | |
| Criminal history score: | 8 | |
| Criminal history category: | IV | |
| Resulting Guidelines range: | **37-46 months** | |

## IV.
## The Court Should Sentence Mr. Orozco to 18 Months

Several equities in this case warrant a variance from the Guidelines range. A range of three to nearly four years in this un-aggravated immigration case does not reflect a just punishment for Mr. Orozco's conduct.

Mr. Orozco respectfully submits that a variance from the range would take into consideration several factors, including:

- His strong ties to the United States, his long residence, and work history there, and his United States citizen family members;

---

- The remoteness of his only serious criminal conviction, which occurred in 2005 (when he was 20 years old) and was initially punished with probation and a county year;
- The significant jump from his last immigration sentence, which was for 88 days in 2020; and
- Mr. Orozco's willingness to quickly resolve the case following the Court's resolution of his good-faith Motion to Dismiss under § 1326(d).

## V.
## Conclusion

In light of Mr. Orozco's history and characteristics and the statutory sentencing factors listed in 18 U.S.C. § 3553(a), he respectfully asks this Court to impose a sentence of 18 months.

Respectfully submitted,

Dated: June 22, 2022            *s/ Benjamin P. Davis*
                                **Benjamin P. Davis**
                                Federal Defenders of San Diego, Inc.
                                Attorneys for Mr. Orozco